OMAHA ELEVATOR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8247.   Promulgated April 13, 1927.

> The petitioner corporation took out insurance policies on the lives of certain of its officers and employees, naming itself as beneficiary in each policy, but by a separate contract with each officer and employee, agreed to pay over the proceeds thereof to beneficiaries named by the insured if death occurred during employment, or, if the insured lived and continued in the service of the company, to turn the policy over to him. *Held*, the premiums were not deductible by the petitioner.

*J. B. Templeton, Esq.,* for the petitioner.
*F. O. Graves, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for 1920. The deficiency asserted is $2,645.81, only that portion of which is involved which results from the disallowance by the respondent of $1,944.62 as a deduction on account of insurance premiums paid on the lives of officers and employees of the petitioner.

No testimony was introduced. Our findings of fact are based upon allegations contained in the petition which are admitted in the answer, and upon stipulation entered into between the respective parties.

### FINDINGS OF FACT.

The petitioner is a Nebraska corporation with its principal office in Omaha. During the calendar year 1918 the petitioner paid out $1,944.62 for premiums on endowment insurance policies covering the lives of its officers and employees. This amount was charged to the expense account of the petitioner and was deducted in its income and profits-tax return for 1918. The respondent, in arriving at his final determination of income and profits tax of the petitioner, disallowed the said item of $1,944.62 as a deduction for that year. The endowment insurance policies in question provide that the said petitioner corporation is the beneficiary. However, a special agreement was entered into between the petitioner and its officers and employees which was set forth in a communication to each of the officers and employees whose lives were insured. The following is a copy of the agreement and communication to one of its employees, which is the same as other agreements covering the insurance policies for which premiums in the amount of $1,944.62 were paid by the petitioner for the calendar year 1918, to wit:

79705°—28——52

OMAHA ELEVATOR COMPANY        .        $2500.

A System to Mutualize and Best Conserve the Interests of Employer and Employee.

Mr. CHESTER P. PEDERSON,
    *Grand Island, Nebraska.*

DEAR SIR: We have received from the New York Life Insurance Company Policy No. 4 884 129 issued upon the 20 Year Endowment plan for TWENTY-FIVE HUNDRED DOLLARS upon your life, with Omaha Elevator Co. as beneficiary in accordance with your application.

Pursuant to our desire to make a provision for your family in case you die while in the continuous service of this Company, and to provide a fund for yourself in case you live and remain continuously in the service of this Company for a period of Twenty years, we hereby notify you of our intention to carry out the following programme:

(1) It is the purpose of Omaha Elevator Co. to pay the first and succeeding premiums on this insurance.

(2) In case of your death while in the employ of this Company, we will if this Policy shall then be in force, immediately upon receipt of the proceeds thereof from the New York Life Insurance Company, send a check for the said proceeds to such beneficiary as you have named in writing over your signature filed with us.

(3) In case you live and continue in our employ for Twenty years, and if the Policy is continued in force by us for said period we will present it to you, that you may select such option of settlement as is provided in the policy, and as best suits your convenience.

(4) If you shall cease to continue in our employ, or your employment should be discontinued by us, prior to the end of the period of Twenty years, your interest in this insurance will immediately cease.

It is the desire of Omaha Elevator Co. to aid in making provision for your family in the event of your death in our service or to secure for you a substantial fund in case you live and are continued in our employ for a period of Twenty years. We believe by so doing we will strengthen the bonds of loyalty between yourself and this Company, and that this provision will be an incentive to the faithful performance of your duties with us, and, on the other hand, enable you to feel more secure both as to your family and your own future. The discontinuance of payments of premiums by us will, of course, terminate the entire transaction, but as stated hereinbefore, it is our intention to pay these premiums if you remain in our employ and if your services continue in every way satisfactory for a period of 20 years, or until the policy matures by your death.

Yours very truly,        OMAHA ELEVATOR Co.,
        By (Signed) E. P. PECK,
            . *Vice President.*

I fully understand and appreciate all the terms and conditions relating to the insurance aforesaid, as herein set forth and accept the conditions prescribed, and hereby request that a sum equal to the amount of the Policy aforesaid be payable by Omaha Elevator Co. to J. Bertie Pederson, my wife, after receipt by Omaha Elevator Co. of said amount from the New York Life Insurance Company in case of my death during the continuance of the Policy, should my death occur while in the service of the said Company.

        (Signed)        CHESTER P. PEDERSON,
Witness:        *Insured.*
    (Signed)        A. J. GUNDEL.

### OPINION.

TRAMMELL: The question is whether the petitioner was directly or indirectly the beneficiary of the insurance policies taken out by it on the lives of its officers and employees. Section 215 of the Revenue Act of 1918, in so far as it is pertinent to the issue here involved, is as follows:

SEC. 215. That in computing net income no deduction shall in any case be allowed in respect of—

\*      \*      \*      \*      \*      \*      \*

(d) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The petitioner was in each instance named as the beneficiary in the policies. It is contended, however, that the communication addressed by the petitioner to its officers and employees whose lives were insured and the acceptance by them of the terms and conditions set forth therein constitute a valid and binding contract on the part of the petitioner to pay over the proceeds of the policies to the beneficiaries named by the insured. The corporation could, however, discharge any employee or any employee might resign and the company could continue the policy on the life of such officer or employee in force and effect until the policies had become fully matured as endowments. There is no evidence that the petitioner could not, whenever it saw fit, cancel the policy and receive the benefit of the cash surrender value or at any time have the benefit of the loan value.

The petitioner, being named as the beneficiary in the policies and not having deprived itself by virtue of the contract of its rights as such beneficiary, except under conditions which were entirely contingent and dependent upon subsequent events, in our opinion it is not shown that the situation does not come within the meaning of the above quoted section of the statute. The petitioner had control of the policy and could have benefited thereunder directly or indirectly.

In view of the foregoing, it is our opinion that the premium payments are not allowable as deductions in determining the petitioner's net income.

*Judgment will be entered on 15 days' notice, under Rule 50.*